IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                              No. CIV 05-296 RB/LCS
                                                 No. CR 03-1797 RB

RAMON GONZALEZ-PEREZ,

        Defendant.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on Defendant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, filed March 17, 2005 [Docket #1]. Defendant attacks the Judgment entered on March 15, 2004 in the case styled *United States of America v. Ramon Gonzalez-Perez*, CR 03-1797 RB, United States District Court for the District of New Mexico. The United States Magistrate Judge, having reviewed the Petition and considered the submissions of the parties, the record herein, relevant authorities, and being otherwise fully advised recommends that Defendant's Petition be **DENIED**.

    **I.**    **Procedural History**

    1.    The record before this Court indicates that Defendant was first deported from the United States to Mexico on August 16, 2000. Defendant was next deported from the United States to Mexico on July 3, 2003, after being convicted of the felony offense of trafficking in a controlled substance in violation of 21 U.S.C. § 841(a).

    2.    On July 8, 2003, the Defendant encountered United States Border Patrol Agents in Columbus, Luna County, New Mexico. When questioned as to his citizenship, Mr. Gonzalez-

Perez indicated he was a citizen of Mexico and was present in the United States illegally. On July 9, 2003, a Criminal Complaint was filed charging Mr. Gonzalez-Perez with one count of violating 8 U.S.C. §§ 1326(a)(2), (b)(2), Reentry of a Deported Alien subsequent to being convicted of an aggravated felony.

3. On September 18, 2003, Defendant entered a plea of guilty before the Honorable Robert H. Scott, United States Magistrate Judge, pursuant to a plea agreement in which the parties stipulated, pursuant to FED. R. CRIM P. 11(c)(1)(C), that Defendant had already received a benefit from the plea agreement and that no downward departure was appropriate. Specifically precluded was any claim by Defendant that the criminal history category overstated the seriousness of his criminal history. [Docket #11; 03cr1797]. The Court accepted this plea agreement.

4. Defendant appeared before the Honorable Robert C. Brack, United States District Judge on March 11, 2004 for sentencing. [Docket #15; 03cr1797]. The Court sentenced Defendant to a term of imprisonment of 37 months and two years of supervised release. It was recommended that INS begin removal proceedings during the service of sentence. [03cr1797].

5. On March 17, 2005, Defendant filed the present motion to set aside the sentence pursuant to 28 U.S.C. § 2255. [Docket #1]. The § 2255 Motion is timely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2255, FED. R. APP. P. 4(b)(1)(A). The United States filed its Response to Defendant's Motion on May 2, 2005. [Docket #7].

**II. Analysis**

6. Defendant raises the following issues in his Petition:

> I. Counsel was ineffective in not raising on appeal issues in light of *Apprendi-Ring*
>
> II. Counsel was ineffective for not challenging the elements of the sentencing enhancement pursuant to *Booker*
>
> III. Counsel was ineffective because the plea agreement violated Defendant's rights under the Sixth Amendment

**Ineffective Assistance of Counsel**

7. A claim of ineffective assistance of counsel is a mixed question of law and fact. *Fisher v. Gibson*, 282 F.3d 1283, 1290 (10th Cir. 2002). Mr. Gonzalez-Perez must demonstrate both deficient performance and prejudice. He must show that counsel made errors that were so serious that counsel's performance could not be considered "reasonable under prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The Court need not address both prongs of the inquiry if Mr. Gonzalez-Perez makes an insufficient showing of either deficient performance or prejudice. *Id.* at 697.

8. Defendant has the burden of showing that counsel's performance "fell below an objective standard of reasonableness." *Miles v. Dorsey*, 61 F.3d 1459, 1474 (10th Cir. 1995) (quoting *Strickland*, 466 U.S. at 688). Mr. Gonzalez-Perez must show that counsel's "identified acts or omissions were outside the range of professionally competent assistance." *Strickland*, 466 U.S. at 690. There is a strong presumption that counsel has rendered adequate assistance and used reasonable professional judgment in making all significant decisions. *Dorsey*, 61 F.3d at 1474.

9. Under the second prong of *Strickland*, Defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different." *Strickland*, 466 U.S. at 694.  A reasonable probability is "a probability sufficient to undermine confidence in the outcome" of the prior proceeding.  *Id.*  Mr. Gonzalez-Perez, in alleging ineffective assistance, bears the burden of alleging facts which, if proved, would entitle him to relief.  Mere conclusory allegations without factual support are insufficient to meet this burden.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

> **a.     Ineffective Assistance of Counsel-Failure to Raise *Apprendi-Ring* Issues on Appeal**

10.     Defendant's first claim of ineffective assistance is based on his contention that counsel failed to appeal enhancements for alleged activities not raised in the indictment or admitted in the plea agreement.  Defendant's plea agreement was filed on the day of his plea hearing, September 18, 2003, before the Honorable Robert H. Scott, United States Magistrate Judge.

11.     Defendant's argument misapprehends the nature of his plea agreement.  Defendant's plea agreement contained an explicit waiver of his right to appeal under 18 U.S.C. § 3742 and stated that the waiver of such right was made knowingly and voluntarily.  [Docket #11; 03cr1797].  A defendant's knowing and voluntary waiver of the statutory right to appeal his sentence is generally enforceable.  *United States v. Black*, 201 F.3d 1296, 1300 (10th Cir. 2000).

12.     During the plea hearing, the Court engaged in an extensive colloquy with Mr. Gonzalez-Perez regarding the nature of the charges and his right to plea not guilty and to proceed to trial.  Defendant indicated he understood his rights and wished to proceed with his plea of guilty.  Defendant also indicated he understood the Sentencing Guidelines and had discussed them with his attorney.  Further, Mr. Gonzalez-Perez informed the Court that he had discussed the

appeal waiver contained in the plea agreement with his attorney and that he understood and assented to this waiver. Defendant has not provided the court with any evidence to show that he did not understand either the waiver of his right to appeal or to indicate that he did not voluntarily and knowingly enter the plea agreement.

13. A defendant "who waives his right to appeal does not subject himself to being sentenced entirely at the whim of the district court." *United States v. Black*, 201 F.3d 1296, 2000 (10th Cir. 2000) (citing *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992). Agreements waiving the right to appeal, like other contracts, are subject to certain public policy constraints. *Id.* For example, a waiver may not be used to preclude appellate review of a sentence that exceeds the statutory maximum. *Id.*; *see also Marin*, 961 F.2d at 496. However, in the present case, there has been no showing that Mr. Gonzalez-Perez's sentence exceeded the statutory maximum, or was otherwise unlawful, and Defendant has provided the Court with no other reason why his appeal waiver should not be enforced. He has therefore failed to show that he was prejudiced by counsel's failure to perfect an appeal within the meaning of *Strickland*. Thus, I recommend denying Defendant's petition on the grounds that counsel was ineffective for failing to perfect an appeal.

### b. Ineffective Assistance of Counsel-Failure to Object to Sentence under *Booker*/ Plea Agreement Violated 6th Amendment

14. Defendant's next arguments are that counsel was ineffective in failing to object to a plea agreement, the terms of which violated the Sixth Amendment and which was contrary to the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738, 757 (2005). In *Booker*, the Court reaffirmed its holding in *Apprendi* that "any fact, other than a prior conviction, which is

5

necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* Defendant argues that when the District Court calculated his sentence, it relied upon allegations made by the government which were neither admitted by Defendant nor proved beyond a reasonable doubt. I first note that it is by no means clear from Plaintiff's Petition what facts he feels were not established beyond a reasonable doubt.

15.     I will first examine the procedural difficulties with allowing Plaintiff to proceed with his petition. In *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court held that the State of Washington's sentencing procedures violated the defendant's constitutional rights under the Sixth Amendment because facts essential to his sentence were not proven to a jury beyond a reasonable doubt or admitted by the defendant. *Leonard v. United States*, 383 F.3d 1146, 1147 (10th Cir. 2004). In so holding, the Court extended the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that any facts, other than the fact of a prior conviction, supporting sentencing enhancements are required to be determined by a jury beyond a reasonable doubt. *Blakely*, 542 U.S. at 301.

16.     In general, a new rule of criminal procedure, "will not be applicable to those cases which have become final before the new rules are announced." *United States v. Bellamy*, 411 F.3d 1182, 1186 (10th Cir. 2005) (quoting *Teague v. Lane*, 489 U.S. 288, 310 (1989). The Tenth Circuit has previously held that *Blakely* announced a new rule of criminal procedure which is therefore not subject to retroactive application on collateral review. *United States v. Price*, 400 F.3d 844 (10th Cir. 2005). Therefore, *Blakely* does not apply retroactively on collateral review to convictions that were already "final" at the time *Blakely* was decided by the Supreme Court on

June 24, 2004. *Id.*

17.     In the present case, the district court entered its judgment on March 15, 2004 and Mr. Gonzalez-Perez did not pursue a direct appeal. As such, his conviction and sentence became final on March 25, 2004.[1] Therefore, Mr. Gonzalez-Perez's case was final for purposes of the retroactivity analysis outlined by the Tenth Circuit approximately three months prior to the Supreme Court's decision in *Blakely*. His arguments regarding the constitutionality of his sentence are foreclosed by the Tenth Circuit's decision in *Price*. Mr. Gonzalez-Perez is therefore unable to show that he was prejudiced by counsel's failure to object to his sentence.

18.     With respect to Mr. Gonzalez-Perez's arguments under *Booker*, I note that the Tenth Circuit has found that although the *Booker* decision represents a new rule of criminal procedure, *Bellamy*, 411 F.3d at 1187, that rule does not fall within one of the two exceptions to the *Teague* doctrine. *See O'Dell v. Netherland*, 521 U.S. 151, 156-57 (1997). The Tenth Circuit also held that *Booker* does not apply retroactively to initial habeas petitions. *Id*. at 1186.

19.     Defendant's main argument under *Booker* is apparently that the elements of his prior convictions constitute facts which must be charged in the indictment and proven to a jury.[2] The Tenth Circuit concluded that *United States v. Booker* does not require the government to charge in an indictment or to prove to a jury either the existence of prior convictions or their classification as a certain degree of felony. *United States v. Moore*, 401 F.3d 1220, 1225 (10th Cir. 2005). Pursuant to *Apprendi*, 530 U.S. 466, the Supreme Court previously held that "*other*

---

[1] *See* FED. R. APP. P. 4(b)(1)(A). "In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of: 1) entry of either the judgment or the order being appealed; or 2) the filing of the government's notice of appeal."

[2] As previously stated, Defendant was charged under 8 U.S.C. § 1326(b)(2) with illegal entry of deported alien previously convicted of an aggravated felony.

*than the fact of a prior conviction*, any fact that increased the penalty for crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490.  In other words, the existence of a prior conviction need not be pleaded by the government nor proved to a jury beyond a reasonable doubt.  *Id.*

20.     The Supreme Court has previously held that the government is not required to charge an earlier conviction in the indictment.  *Almendarez-Torres v. United States*, 523 U.S. 224, 226-227 (1998).  The Court stated that, to require that recidivism be deemed an element of petitioner's offense would be an abrupt departure from a tradition of treating recidivism as "going to the punishment only."  *Id.* at 244; *see also, Oyler v. Boles*, 368 U.S. 448, 452 (1962); *Graham v. West Virginia*, 224 U.S. 616, 624 (1912).  Defendant cannot therefore show that he was prejudiced by his attorney's failure to overcome decades of established precedent.  As such, Mr. Gonzalez-Perez's arguments as to the constitutionality of his sentence are without merit.

## RECOMMENDATION

I recommend that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed March 17, 2005 [Docket #1] be **DENIED**.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. N.W., Albuquerque, NM 87102.  A party must file any objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE**